UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KANISHA HATCHETT, <br>   Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:17-cv-2 |
| CLUB 2301, LLC d/b/a Clé and CLUB 2301 MANAGEMENT, LLC <br>   Defendants. | § § § § § § | A JURY IS DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

  COMES NOW Plaintiff, KANISHA HATCHETT ("Plaintiff"), and files this her Original Complaint complaining of the discriminatory practices of Defendants CLUB 2301, LLC d/b/a Clé and CLUB 2301 MANAGEMENT, LLC ("Defendants") and in support thereof would show the Court as follows:

### I. PARTIES

1. The plaintiff Kanisha Hatchett is an African American female who resides in Houston, Harris County, Texas.

2. The defendant Club 2301, LCC is a limited liability company doing business as "Clé" that is generally open to the public in Harris County, Texas. Clé provides

1

"nightlife" entertainment, including music, dance, alcoholic beverages, concert performances and event space to the public in a club type setting. Clé is a place of public accommodation as defined by 42 U.S.C. § 2000a(b) and its registered agent, Albert T. Van Huff may be served at 1225 North Loop West, Ste 640 Houston, Texas 77008.

3.  The defendant Club 2301 Management, LCC is a limited liability company which manages "Clé" which is an establishment which is generally open to the public in Harris County, Texas. Clé provides "nightlife" entertainment, including music, dance, alcoholic beverages, concert performances and event space to the public in a club type setting. Clé is a place of public accommodation as defined by 42 U.S.C. § 2000a(b) and its registered agent, Albert T. Van Huff may be served at 1225 North Loop West, Ste 640 Houston, Texas 77008.

## II. JURISDICTION

4.  This is an action for damages and equitable relief, based on discrimination in a place of public accommodation undertaken by defendants against plaintiff based on her race. All of the parties reside in Texas and the acts complained of occurred exclusively within Harris County.

5.  This action arises under the Constitution of the United States, 42 U.S.C. § 1981 and 42 U.S.C. § 2000a. This Court has jurisdiction pursuant to Article III of

the United States Constitution and 28 U.S.C. § 1331. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

## III. SPOLIATION

6.      Plaintiff hereby request and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including business agreements, statements, photographs, videotapes, audiotapes, recordings, business records, financial records, bills, estimates, invoices, checks, measurements, equipment, correspondence, memoranda, files, facsimiles, email, voice mail, text messages, and any electronic image, digital data, or information related to the referenced incident and allegations herein. Failure to maintain such items will constitute "spoliation" of the evidence.

## IV. FACTS

7.      On or about December 10, 2016, Plaintiff Kanisha Hatchett ("Hatchett"), an African American, female, went to Clé for a party which her friend had reserved a private table with bottle service. When Hatchett sought entrance to the venue, a security guard stopped her and told her that she would not be allowed entrance except for having reserved a table or being on the guest list.

8.      While attempting to call her friend which had reserved the table at the venue Hatchett noticed two Caucasian females attempt to gain admission to the venue.

When the Caucasian females approached the security guard he proceeded to tell them the same admission requirements that he had relayed to Hatchett. The two Caucasian females told the security guard that they had not reserved a table and that they were not on the guest list. However, upon being told this the security guard allowed the two Caucasian females entrance into the venue.

9. After realizing that the entrance requirements were a pretextual reason to deny her admission to enter the venue, Hatchett left the venue embarrassed and humiliated because she was not allowed admission based on her race.

10. Upon information and belief, Clé maintains an entrance policy of table reservations and a guest list as a pretextual reason to discriminate against prospective African American patrons.

## V. CAUSES OF ACTION

### COUNT 1 – RACIAL DISCRIMINATION IN A PLACE OF PUBLIC ACCOMODATION IN VIOLATION OF 42 U.S.C. § 2000a

11. Plaintiff incorporates herein the allegations in paragraphs 1-9 as stated herein.

12. Plaintiff had and has a right to full and equal enjoyment of Defendants business establishment, a place of public accommodation affecting interstate commerce.

13. In denying Plaintiff that right, the Defendants intentionally discriminated against Plaintiff on the basis of her race.

14. Alternatively, Defendants maintained and maintains a policy that had a disparate impact on Plaintiff and other African-Americans based on their race.

15. By maintaining this discriminatory practice at Clé, Defendants is promoting and maintaining segregated public accommodations.

16. Defendants actions constitute racial discrimination in violation of 42 U.S.C. § 2000a.

### COUNT II - DISCRIMINATION IN CONTRACTUAL RELATIONS IN VIOLATION OF 42 U.S.C. § 1981

17. Plaintiffs incorporate herein the allegations in paragraphs 1-15 as if stated herein.

18. Plaintiffs are members of a protected class based on their race.

19. Defendants intentionally discriminated against Plaintiff based on her race by keeping Plaintiff from entering a place of public accommodation.

20. Defendants discriminatory actions interfered with Plaintiff's ability to enter into business relations with Defendants, specifically to purchase beverages and view the entertainment.

21. Defendants denial of Plaintiff's rights constitutes discrimination in violation of 42 U.S.C. § 1981.

## VI. JURY DEMAND

22. Plaintiff requests a trial by jury.

## VII. PRAYER

Plaintiff respectfully requests the following relief:

    A.    Injunctive relief on the 42 U.S.C. § 2000 claim, enjoining the Defendants from continuing its racially discriminatory policies and practices;

    B.    Compensatory and punitive damages in an amount determined by the trier of fact on the 42 U.S.C. § 1981 claim;

    C.    Reasonable expenses and attorney's fees incurred in bringing this action; and,

    D.    Such other relief as the Court deems just and proper.

Respectfully Submitted,

Ike Okorafor
State Bar No. 24071773
Federal I.D. No. 1803429
7324 Southwest Fwy
Suite 1427
Houston, Texas 77074
Telephone: (713) 471-1193
Fax: (281) 677-4255
Email: Ike@OkoraforLaw.Com